# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

|  |  |
|---|---|
| Michael Andrew Scieszinski | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |

Case No. _____

*(to be filled in by the Clerk's Office)*

Michael Andrew Scieszinski

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Starbucks Coffee Company

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.     The Parties to This Complaint**

   **A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Michael Andrew Scieszinski |
| Street Address | 2109 Ryan Road, Apartment 9 |
| City and County | De Pere, Brown County |
| State and Zip Code | Wisconsin, 54115 |
| Telephone Number | 920-495-8202 |
| E-mail Address | mikescieszinski@yahoo.com |

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Starbucks Coffee Company/Starbucks Corporation |
| Job or Title *(if known)* | |
| Street Address | 2401 Utah Avenue S |
| City and County | Seattle, King County |
| State and Zip Code | Washington, 98134 |
| Telephone Number | 206-447-1575 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Starbucks Coffee Company/Starbucks Corporation |
| Job or Title *(if known)* | |
| Street Address | 2883 South Oneida Street |
| City and County | Green Bay, Brown County |
| State and Zip Code | Wisconsin, 54304 |
| Telephone Number | (920) 499-4532 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Telephone Number

E-mail Address *(if known)*

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Starbucks Coffee Company/Starbucks Corporation |
| Street Address | 2883 South Oneida Street |
| City and County | Green Bay, Brown County |
| State and Zip Code | Wisconsin, 54304 |
| Telephone Number | (920) 499-4532 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☒    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☐    Retaliation.

☐    Other acts *(specify)*:

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

The discrimination began 9/18/2013 and continued through termination on 11/14/2014

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race

☐    color

☐    gender/sex

☐    religion

☐    national origin

☐    age *(year of birth)*                    *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*

Small Fiber Periferal Neuropothy

E.    The facts of my case are as follows. Attach additional pages if needed.

Please see attached, Facts in Support of Michael Andrew Scieszinski v. Starbucks Coffee Company/Starbucks Corporation.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

01/08/2016

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*   8/26/2016   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Relief Requested: Starbucks requires Management to go to training on ADA and accomodations. This is in an effort to deter these actions in the future and ensure they are educated on this issue. $19,110.00 - wages for the year and two months I was employed and not scheduled. $550.00 - what I had to pay out of pocket for two months of health insurance. $150,000.00 - for exemplary damages due to pain and suffering, and because I have had to go back to school to train in a new career. $150,000.00 - punitive damages to deter Starbucks from doing this in the future, and as a monetary punishment. I have attached two Consent Decrees confirming that Starbucks has done this previously, and I want to ensure this doesn't happen to anyone else.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff

### B. For Attorneys

Date of signing: 11/18/16

Signature of Attorney

| | |
|---|---|
| Printed Name of Attorney | Sarah Ann Clark |
| Bar Number | 1092071 |
| Name of Law Firm | Clark Law |
| Street Address | P.O. Box 5271 |
| State and Zip Code | De Pere, WI 54115 |
| Telephone Number | 920-495-1665 |
| E-mail Address | sarah@clarklawgreenbay.com |

## Facts in Support of Michael Andrew Scieszinski v. Starbucks Corporation

I began working for Starbucks at the Green Bay, WI, Oneida Street store on May 8, 2012. In October of 2012, I began to have a tingling sensation in my feet with some pain. The symptoms got worse in January of 2013. I saw my primary care provider in March of 2013 who referred me to a neurologist. I saw Dr. Santillan at Neurology Associates in Green Bay, WI. At that time, I underwent a variety of tests including an EMG that required me to take some time off work, for which I used FMLA. I have attached a Certification of Health Care Provider Form with regard to the leave I took at that time.

Upon return to work, I spoke with my manager and we worked out a plan to accommodate my physical situation. He suggested that I work the morning shift (as that is when the store was busiest, particularly at the drive-up window), and that I use a stool. He informed me that he had used a stool in the past with an employee and that there wasn't a problem. This continued without incident for the next few months. On September 18, 2013, my manager received an email from Rebecca Huxford, manager, partner services, Starbucks Coffee Company. The email has been attached as an exhibit to this filing as well as the letter referred to in the email. It states that I had to work without the accommodation (the stool) while the company evaluated the requested accommodation. It is of note, that the manager had used a stool for other employees in this same store without any notification that the accommodation was unacceptable. At that time, and per direction from my manager, I continued to use the stool.

My neurologist had referred me to Mayo Clinic in Rochester, Minnesota, and my first appointment was October, 8, 2013. I had to return for some follow-up tests October 31, 2013. I received my final diagnosis from Mayo Clinic on November 4, 2013. That diagnosis was sensory-predominant peripheral neuropathy, mild pleocytosis on the spinal fluid evaluation, and that the cause of the neuropathy was unclear.

Approximately two weeks before Thanksgiving weekend, 2013, I received a letter from Starbucks informing me that they were denying my request to use the stool, and as a result I had to be removed from the schedule. I was not terminated at this time, but was not scheduled for any hours after Black Friday, 2013. In the interim, I was told I could apply for any office jobs with Starbucks that I was qualified for. I applied through the system as is Starbucks policy, and never received an interview or phone call. I was then terminated via letter in the mail on November 14, 2014.

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Michael A. SCIESZINSKI
2109 Ryan Rd Apt 9
De Pere, WI 54115

From:  Milwaukee Area Office
310 West Wisconsin Ave
Suite 500
Milwaukee, WI 53203

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26G-2016-00309 | Pamela A. Bloomer, State & Local Coordinator | (414) 297-4056 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman*

Julianne Bowman,
District Director

AUG 23 2016

(Date Mailed)

Enclosures(s)

cc:  STARBUCKS COFFEE
Attn: Human Resource Manager
2883 S Oneida St
Green Bay, WI 54304

Littler Mendelson, PC
Attn: Lisa Claxton
2301 McGee St, Suite 800
Kansas City, MO 64108

1

2

3

4

5
UNITED STATES DISTRICT COURT
6
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
7

8
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

9
            Plaintiff,               No. C06-01323MJP

10
    v.                           ORDER APPROVING CONSENT
DECREE AND DISMISSING CASE
11

12
STARBUCKS CORPORATION,

13
            Defendant.

14

15
      This matter comes before the Court upon the parties' stipulated Consent Decree. (Dk No. 23).

16
Upon review of the record (Dk. Nos. 10-17, 23) and the documents submitted by the parties, the

17
Court APPROVES the Consent Decree in full settlement of this action. The case is therefore

18
DISMISSED with prejudice and without costs or attorney's fees to either party. The Court shall

19
retain jurisdiction of this matter for purposes of enforcing the Consent Decree for one year from the

20
date of its entry.

21

22

23

24

25

ORDER - 1

1    The Clerk is directed to send copies of this order to all counsel of record.

2    Dated: June 12, 2007.

3

4                                                /s/ Marsha J. Pechman
                                                 Marsha J. Pechman
5                                                United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-cv-00195-FM |
| STARBUCKS COFFEE CO. | § § § | **COMPLAINT AND** |
| | § | **JURY TRIAL DEMAND** |
| Defendant. | § § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Equal Employment Opportunity Commission ("EEOC") and Starbucks Coffee Co. ("Starbucks" or "Defendant"), in the United States District Court for the Western District of Texas, El Paso Division, with regard to the EEOC's Complaint filed in Civil Action 3-11-cv-00195-FM. The Complaint was based upon a Charge of Discrimination filed by Elsa Sallard against the Defendant.

The above-referenced Complaint alleges that Defendant failed to provide Charging Party Elsa Sallard with a reasonable accommodation and subsequently terminated her from her position as a barista because of her disability, dwarfism, in violation of the Americans with Disabilities Act, as amended.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

CONSENT DECREE

1

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1.    This Consent Decree resolves all issues raised in EEOC Charge No. 453-2009-01425. This Decree further resolves all issues in the Complaint filed by the EEOC in this civil action. The EEOC waives further claims and/or litigation on all issues raised in the above-referenced Charge and Complaint. The EEOC does not, however, waive the processing or litigation of any Charges other than the specific Charge referenced above, even if such charges raise the same or similar issues on behalf of other applicants or employees.

2.    During the term of this Consent Decree, Defendant's store number 10878, El Paso, Texas, shall not discriminate on the basis of disability in violation of the Americans with Disabilities Act (ADA) with respect to recruitment, placement, hiring, termination, or any other employment action. Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the ADA or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing related to the EEOC charge or claim of Ms. Sallard.

3.    The Defendant agrees that within thirty (30) days from entry of this Consent Decree, Defendant will post the Notice appended hereto as Attachment "A" on the employee bulletin board at store number 10878. Defendant will report to the EEOC that it has complied with this requirement within fifteen (15) days after posting the Notice. The Notice shall remain posted for six months.

4.    Within 90 days after the entry of this Decree, Defendant will conduct a training session for all management and supervisory employees in Starbucks district number 643, which

**CONSENT DECREE**                                                                                  2

includes all stores currently in El Paso, Texas. This training shall advise these employees of the requirements and prohibitions of the federal anti-discrimination laws with a special emphasis on the American with Disabilities Act (ADA), as amended by the ADAAA. The training will specifically focus on the reasonable accommodation of individuals with disabilities. Example scenarios used in the training will include a discussion of the reasonable accommodation of applicants and employees who are small in stature as a result of medical condition or disability such as dwarfism. The training will also include a specific discussion or instruction relating to definitions of disability under the ADA, as amended by the ADAAA, and the interactive, reasonable accommodation process. The training will inform the employees of the complaint procedures for individuals who believe that they are being discriminated against by Defendant. This training will advise managers and supervisors of the consequences imposed upon Defendant for violating the ADA, as amended by the ADAAA. The training shall be at least two (2) hours in duration. As a subject matter source for the training, the Defendant shall utilize the EEOC's policy guidance and federal regulations on the subject of the ADA as relates to reasonable accommodation and undue hardship. No less than ten (10) days before the training is conducted, Defendant agrees to give written notice to the EEOC as to the date and location of the training, the name and qualifications of the person providing the training and the substance of the training. Within twenty (20) days following the training, Defendant shall submit to the EEOC confirmation that the training was provided to all managers, supervisors, and employees, and a list of attendees.

6.     Defendant agrees to pay to Ms. Sallard the full and final sum of $75,000 in compromise and satisfaction of all claims including lost wages and other monetary damages recoverable under 42 U.S.C. 1981(a) of the Civil Rights Act of 1991. Of the total sum to be

**CONSENT DECREE**                                                                                           3

paid, $10,000 shall be allocated for the settlement of lost wages which is subject to legal deductions and withholding. This portion of the overall payment will be accompanied by a W-2 Wage and Tax Statement IRS Form. The remaining balance to be paid to the Charging Party represents non-wages which will not be subject to payroll deductions. This portion of the overall payment shall be accompanied by a 1099 IRS Form.

7.    The payment referenced above, shall be made within ten (10) days after the effective date of this Consent Decree by check made payable to Elsa Sallard. Defendant agrees to report to the EEOC within thirty (30) days of entry of this Consent Decree regarding its compliance with this paragraph.

8.    Defendant shall remove from Elsa Sallard's personnel file to the extent such file exists, all documents, entries and references relating to her Charge of Discrimination, and this lawsuit.

9.    All reports to the EEOC required by this Decree shall be sent to Joel Clark, Trial Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

10.   If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

    a.    Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

    b.    Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

11.   Neither the EEOC nor Defendant shall contest the validity of this Consent Decree or the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any

**CONSENT DECREE**                                                                                  4

term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

12.     The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

13.     The term of this Decree shall be for two (2) years.

SO ORDERED, ADJUDGED AND DECREED this _____16_____ day of
_____August_____, 2011.

_____
U.S. District Judge

AGREED AS TO FORM AND SUBSTANCE:

FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
General Counsel

JAMES LEE
Assistant General Counsel

GWENDOLYN REAMS
Deputy General Counsel

_____
JOEL P. CLARK
Trial Attorney

**CONSENT DECREE**                                                                                     5

Texas State Bar No. 24050425

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749

FOR THE DEFENDANT STARBUCKS COFFEE CO:

JOHN V. JANSONIUS
Texas Bar No. 10571900
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1700 Pacific Ave, Suite 4100
Dallas, Texas  75201-4675
(214)-969-2800
(214)-969-4343 (FAX)

**CONSENT DECREE**                                                        6



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Starbucks Settles Suit Over Dwarf Barista's Firing

By **Ryan Davis**

Law360, New York (August 18, 2011, 1:08 PM EDT) -- Starbucks Corp. on Tuesday agreed to pay $75,000 to settle a U.S. Equal Employment Opportunity Commission discrimination suit in Texas federal court alleging that the chain fired a dwarf barista who asked for a stepladder.

In addition to paying the woman, Elsa Sallard, Starbucks also agreed to conduct training on federal anti-discrimination laws for its managers in the El Paso, Texas, area, according to a consent decree approved by U.S. District Judge Frank Montalvo.

"The training will include a discussion of the reasonable accommodation of applicants and employees who are small in stature as a result of a medical condition or disability such as dwarfism," the decree states.

The settlement resolves an EEOC complaint filed in May, which alleged that Sallard lost her job as a barista at a Starbucks in El Paso three days after she was hired, because management at her store refused to allow her either a small stool or stepladder to help her reach the cash register.

The suit contended that the coffee chain's treatment of Sallard violates the Americans with Disabilities Act of 1990 and the Civil Rights Acts of 1961 and 1991.

Starbucks said in a statement Thursday that it was pleased with the resolution of the case.

"Starbucks does not tolerate discrimination of any kind," the company said. "We have a long history of working with communities and organizations to provide equal employment opportunities for individuals with disabilities. Reaching an equitable agreement with the EEOC allows Starbucks to reinforce this commitment, as well as focus on training to ensure that all of our partners are treated fairly."

"Starbucks' swift action to work constructively with the EEOC in this case, not only by compensating the applicant who was turned away, but by committing to additional training for other stores in the El Paso area, sends the right signal from the corporate office," Robert A. Canino, regional attorney for the EEOC's Dallas district office, said in a statement.

Starbucks hired Sallard on July 27, 2009, to work as a barista, according to the EEOC. Because of her dwarfism, she has a difficult time reaching, lifting and performing manual tasks, the agency said.

On July 30, Sallard asked for a stool or small stepladder so that she would be able to do her job, according to the suit. Her managers refused to consider the request and fired her the same day, claiming that she would be a danger to her fellow employees, it says.

"With reasonable accommodation, [Sallard] would have been able to perform the essential functions of her job — to operate the cash register and prepare beverages," the EEOC said.

Under the consent decree, Starbucks will pay Sallard $75,000 to cover "all claims including lost wages and other monetary damages recoverable" under the Civil Rights Act within 10 days. Of that total, $10,000 will be treated as lost wages subject to legal deductions and withholding.

In addition, the company will conduct a two-hour training training session for all managers and supervisors in Starbucks district 643, which includes El Paso, the decree states. The training will cover all aspects of the ADA, with a specific focus on the reasonable accommodation of people with disabilities and the consequences for violating the law.

Starbucks is represented by John V. Jansonius of Akin Gump Strauss Hauer & Feld LLP.

The case is U.S. Equal Employment Opportunity Commission v. Starbucks Coffee Co., case number 3:11-cv-00195, in the U.S. District Court for the Western District of Texas.

--Additional reporting by Richard Vanderford. Editing by John Quinn.

All Content © 2003-2016, Portfolio Media, Inc.



**Portfolio Media, Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Starbucks Settles Disability Discrimination Case

By **Jesse Greenspan**

Law360, New York (June 13, 2007, 12:00 AM EDT) -- Starbucks Corp. has agreed to settle charges that it discriminated against a barista because of her psychiatric disability in a deal under which the coffeehouse chain will train managers on disability discrimination and update the government on similar discrimination complaints.

Under the settlement, which was approved Tuesday by Judge Marsha J. Pechman of the U.S. District Court for the Western District of Washington, Starbucks will pay the employee $75,000 and donate another $10,000 to the Disability Rights Legal Center, which provides legal representation for low-income people with disabilities.

Furthermore, Starbucks agreed to train its managers and supervisors about disability discrimination, and it will provide information to the Equal Employment Opportunity Commission about any disability discrimination complaints that come in over the next year.

"The facts of this case illustrate how relatively minor accommodations are often all that disabled people need to be productive members of the workforce," said Joan Ehrlich, the EEOC San Francisco District Office director. "It is important that all of Starbucks' managers understand their legal duties regarding disabled employees and provide them with the tools necessary to succeed."

"It is important for employers to remember that disability does not mean inability," added EEOC spokesman David Grinberg. "Every individual deserves the freedom to compete and advance in the workplace, including people with disabilities—many of whom are ready, willing and able to work if only provided with an equal opportunity."

The lawsuit, which the EEOC filed last September, involved Christine Drake, a barista with bipolar disorder who worked at a Starbucks shop in the Queen Anne area of Seattle.

According to the complaint, Drake received extra training and support while satisfactorily performing her job duties for two years.

During her third year, however, new management allegedly refused to provide her with extra accommodations and then fired her for not being "Starbucks material."

The EEOC said it first attempted to reach a voluntary settlement with Starbucks before filing the complaint.

Overall, Seattle-based Starbucks has more than 9,000 U.S. stores and more than 3,000 stores abroad. It is represented in the case by Perkins Coie LLP.

The case is Equal Employment Opportunity Commission v. Starbucks Coffee Company, case number 06-cv-01323, in the U.S. District Court for the Western District of Washington.

All Content © 2003-2016, Portfolio Media, Inc.